10-618-cr
United States v. Carter

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 22nd day of February, two thousand eleven.

PRESENT:

> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges*,
> JOHN F. KEENAN,
> > *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                       No. 10-618-cr

SHAUN CARTER, AKA SHAWA CARTER,

*Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

* The Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR DEFENDANT-APPELLANT:** STEVEN M. STATSINGER, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

**FOR APPELLEE:** CHRISTOPHER D. FREY, Assistant United States Attorney (Preet Bharara, United States Attorney for the Southern District of New York, *on the brief*, John P. Collins, Jr., Assistant United States Attorney, *of counsel*), Office of the United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alvin K. Hellerstein, *Judge*).

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Shaun Carter ("defendant" or "Carter") appeals the judgment of the District Court, following entry of a plea of guilty to one count of an indictment charging Carter with possession of a firearm after having been convicted of possession of a firearm under 18 U.S.C. § 922(g)(1). The District Court held that defendant was subject to the enhanced penalty provisions of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), which provides for a higher maximum term of imprisonment, and a mandatory minimum term of imprisonment of 15 years, for a defendant convicted of being a felon in possession of a firearm, where the defendant has at least three serious felony convictions for either a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e). Burglary can be a violent felony. *See id.*, § 924 (e)(2)(B)(ii). Defendant appeals the application of the ACCA, claiming that the government failed to prove that burglaries he committed in New Jersey fall under the definition of "burglary" established in *Taylor v. United States*, 495 U.S. 575 (1990). We assume the parties' familiarity with the facts and procedural history of the action.

The District Court applied the ACCA upon holding that Carter's New Jersey state conviction for burglary qualified as a violent felony under Section 924(e). A district court's authority to make factual findings about the nature of a prior conviction for purposes of the ACCA is a question of law that is reviewed *de novo*. *United States v. Rosa*, 507 F.3d 142, 151 n.8 (2d Cir. 2007) (citing *Shepard v. United States*, 544 U.S. 13, 16, 24 (2005)) . We review a district court's legal conclusions *de novo*, *see United States v. Selioutsky*, 409 F.3d 114, 119 (2d Cir. 2005), and its findings of facts for clear error, *see United States v. Cuevas*, 496 F.3d 256, 267 (2d Cir. 2007).

Under the ACCA, a defendant is subject to an enhanced penalty if he violates Section 922(g) and has three previous convictions for a "violent felony" or "serious drug offense," for which burglary is considered a violent felony. 18 U.S.C. § 924(e). A crime qualifies as a burglary under the ACCA if a person "is convicted of any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit crime." *Taylor*, 495 U.S. at 599. Under New Jersey Law, the definition of a "structure" is broader than the definition in *Taylor*, as it includes a "ship, vessel, car, vehicle or airplane." *See* N.J. Stat. Ann. § 2C:18-2(a). Where, as here, the statute at issue reaches some conduct that satisfies the federal definition of burglary, and some conduct which does not, the district court may review limited additional materials to determine whether the defendant "necessarily admitted" to entering a "building or structure" as defined in *Taylor*. *See Shepard v. United States*, 544 U.S. 13, 26 (2005). "[I]n the context of a conviction based on a plea, the inquiry is 'limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.'" *United States v. Savage*, 542 F.3d 959, 966 (2d Cir. 2008) (quoting *Shepard*, 544 U.S. at 26). Defendant argues that evidence provided by the judicial record did not establish that Carter's 2002 New Jersey burglary convictions met the definition established in *Taylor*, and that the District Court erred in conducting an internet search to augment the judicial record evidence.

The District Court considered the language of the New Jersey state court information and the transcript of Carter's guilty plea allocution in order to find that his August 15, 2002 state burglary conviction was indeed an ACCA predicate. Both a charging paper and a plea allocution are acceptable sources for such an analysis. *See Taylor*, 495 U.S. at 602; *Shepard*, 544 U.S. at 20-21. In the plea allocution, Carter referred to "entering" two "locations" which were described by address. The information stated that Carter "did unlawfully enter the structure of Sandra Wiebs located at 1063 Smith Manor Blvd." The question is whether this evidence "necessarily" shows that Carter entered into a building. *Shepard*, 544 U.S. at 26. Although it is a close call, we conclude that it does. To enter a location at a specific address is to enter a building. Carter argues that these "locations" could have referred to cars, boats, or other vessels, but we agree with the government that to enter a "location" designated by a street address only makes sense if the "location" is a building. "Location" denotes permanence. If it had been a boat or a van there would have been a reference somewhere in the colloquy to the make or model of the vehicle, or its license plate number. Accordingly, we conclude that the District Court did not err, much less clearly err, in determining, based upon the judicial record, that the New Jersey crimes were burglaries.

Carter argues, as well, that the District Court inappropriately relied upon the use of Google

3

Maps, an internet mapping program, to determine whether the locations were structures under *Taylor*. Although both defense counsel and the government agreed during sentencing that under *Taylor* and *Shepard*, the District Court could not take judicial notice of the result of a Google search, A. 154-55, the District Court initially chose to take judicial notice of the searches. Nevertheless, the District Court ultimately decided to rely upon the government's "argument taken from the indictment and the allocution" as discussed above instead of upon the Google searches. A. 157. Because we hold that argument sufficient to establish the applicability of the ACCA, we need not address the propriety of a purported and disavowed judicial notice of a Google map search. *Cf. United States v. Bari*, 599 F.3d 176 (2d Cir. 2010) (holding that the district court did not commit reversible error when it conducted independent Internet research to confirm its intuition that there were many types of yellow rain hats available for sale).

## CONCLUSION

We have considered all of defendant's claims on appeal and have found them to be without merit. Accordingly, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

4